743 A.2d 321

IN THE MATTER OF THE ESTATE OF
DORIS SUMMERLYN, DECEASED.

Superior Court of New Jersey
Appellate Division

Submitted December 15, 1999—Decided January 11, 2000.

270

Before Judges BAIME, BROCHIN and EICHEN.

*Nagel Rice & Dreifuss,* attorneys for appellant David Jameson (*Lori I. Mayer,* of counsel and on the brief).

No other parties participated in this appeal.

The opinion of the court was delivered by

EICHEN, J.A.D.

This is an appeal from that part of an order entered in the Chancery Division fixing the executor's commissions on corpus in the administration of the estate of Doris Summerlyn, and a subsequent order denying reconsideration. The executor contends that the judge erred in requiring him to personally pay the fees of the certified public accounting firm (CPA) and attorneys he retained to assist him in preparing the account and various tax returns for the estate, or suffer a reduction of the amount of his corpus commissions by the amount of the fees.

██ The allowance of corpus commissions is a discretionary determination which will not be disturbed unless there has been an abuse of discretion. *In re Estate of Moore*, 50 *N.J.* 131, 149, 232 *A.*2d 641 (1967). If, however, in making the allowance the court did not utilize "the proper legal approach," which requires giving "due appreciation and consideration of all the legally significant factors," then "it is not a question of abuse of discretion but rather one of more fundamental error." *Ibid.*

We have carefully reviewed the record in this case and, applying these principles, conclude that the judge utilized an improper "legal approach" in approving corpus commissions.

These are the undisputed facts. The testator died July 5, 1997 leaving an estate valued at $477,875.40, which consisted primarily of securities left to fourteen charitable organizations, and personal property bequeathed to her niece. The will appointed David Jameson, who was the testator's friend, as executor of the estate. It expressly authorized him as executor to retain any professionals he deemed necessary or helpful to assist him in administering the estate, and directed that the expenses of employing such professionals not "be deducted from any commissions or other compensation payable to my fiduciary."

At the unopposed hearing on the executor's "Complaint for the Settlement of Account," [1] the executor sought allowance of $9,800 to the CPA for preparing the account and the estate's federal and state tax returns; $4,262 to counsel for the estate for preparing the inheritance tax returns; an additional $500 as a counsel fee to another attorney for certain undefined services rendered to the estate; $19,725.64 corpus commissions; and $468.39 income commissions.

The Chancery Division judge impliedly found that the professional fees were not excessive and approved them, as well as the full amount of commissions on corpus sought by the executor;

---

[1] None of beneficiaries filed any exceptions to the account. The Attorney General also did not object.

however, the judge ordered that the various professional fees "shall be paid by the Executor personally or as a reduction of the Executor's [corpus] commissions." In making this ruling, the judge explained his reasons, in part, as follows:

[a] fiduciary [who] wants to get complete corpus commissions, ... must be considered, at least by this Court, as having the ability to completely fulfill [his] fiduciary functions, and amongst those functions would be the preparation of [the] ... Tax Returns and accountings, if necessary.

On appeal, the executor argues that the judge erred in failing to follow the direction of the will that professional fees not be deducted from the executor's commissions. He also argues that even if there was no such testamentary direction, in view of his lack of training and experience in such matters, he was entitled to retain professionals to assist him in preparing the account and tax returns without incurring personal responsibility for their fees. He argues that a lay person is not expected to have the professional skills needed to perform such services and, therefore, the judge erred in ordering him to pay the fees personally or suffer a reduction of his corpus commissions.

We agree that the will authorized the executor to retain professionals to assist him in preparing the account and tax returns in administering the estate, and that the expenses for such services should be a charge against the estate and not a personal charge. *See, e.g., In re Risica's Estate,* 179 *N.J.Super.* 452, 455, 432 *A.*2d 549 (App.Div.1981). However, we disagree that the judge could not reduce the amount of the executor's corpus commissions, notwithstanding the provision in the will directing against such reduction.

The amount of corpus commissions allowable to a fiduciary is a matter controlled by statute, subject to the court's discretionary review. Although a testator may direct that commissions not be reduced by the amount of professional fees sought in an account, that direction does not control the amount of commissions ultimately allowed by the court.

*N.J.S.A.* 3B:18–14 provides the maximum percentages allowed as corpus commissions as follows:

> On the settlement of the account of one fiduciary, 5% on all corpus received by the fiduciary where corpus receipts do not exceed $200,000.00, and where corpus receipts exceed $200,000.00, 5% on the first $200,000.00, 3½% on the excess over $200,000.00 up to $1,000,000.00, and 2% on the excess over $1,000,000.00 or such other percentage as the court may determine on the intermediate or final settlement of the fiduciary's accounts, according to actual services rendered.[2]

*N.J.S.A.* 3B:18–1 states that "[a]llowance of commissions on corpus in excess of $200,000.00 ... to fiduciaries ... shall be made with reference to their actual pain, trouble and risk in settling the estate, rather than in respect to the quantum of the estate." *See also In re Estate of Seabrook,* 127 *N.J.Super.* 135, 140, 316 *A.*2d 698 (App.Div.1974) (observing that " 'actual pains, trouble, risk and services rendered' is the principal factor by which the court determines what portion of the statutory maximum rate should be applied to the statutory base ....)" (paraphrasing the principle established by the Supreme Court in *Moore, supra,* 50 *N.J.* at 145, 232 *A.*2d 641).

▮ Hence, it is clear that *N.J.S.A.* 3B:18–14 sets forth the maximum allowable percentages for calculating the base amount of corpus commissions permitted a fiduciary, including an executor, and *N.J.S.A.* 3B:18–1 establishes the factors to be considered by the court in exercising its discretion as to the amount allowed for corpus commissions.

*Seabrook* illustrates the "legal approach" to be followed by the trial court in making such an allowance, and this court in reviewing the trial court's determination. There, the trial court reviewed the various services performed by the estate's executors and concluded that their "pains, trouble and risk" were "average." Following our review of the court's discretionary determination,

---

[2] The executor utilized these percentages and sought commissions in the maximum statutory amount of $19,725.64, computed as follows: 5% of $200,000, or $10,000 and 3-1/2% of $277,875.40, or $9,725.64, for a total of $19,725.64.

we affirmed the trial court's reduction of corpus commissions allowed to the executors.

In this case, we are unable to make a similar review of the executor's "pains, trouble, risk and services rendered" because a complete factual record was not developed during the probate proceedings concerning those services. The only thing we know about the services rendered in this case relates to the work done by the CPA and attorneys retained by the executor. We know nothing of the executor's personal efforts in administering the estate.

Although the administration of this estate on its face may not appear complicated, speculation is not an appropriate legal approach for reaching a conclusion about its potential difficulties. Hence, we cannot simply conclude that the reduction of the commission by the amount of the professional fees was an appropriate exercise of discretion by the Chancery Division judge. The judge should have reviewed the executor's affidavit of services,[3] and arrived at his conclusions based on the affidavit. The judge did not indicate that he followed this procedure, nor did he make any findings in respect of the executor's "pains, troubles, risk and services rendered," except to note what the executor had *not* done in administering the estate. As a result, we are unable to perform our appellate function and are constrained to remand the matter so that the judge can perform the required analysis.

In sum, in allowing corpus commissions to an executor, the trial court must apply the "legal approach" dictated by *N.J.S.A.* 3B:18–1 giving "due appreciation and consideration," *Moore, supra,* 50 *N.J.* at 149, 232 *A.*2d 641, to "the pains, trouble, risk, and actual services rendered" by the executor. *Seabrook, supra,* 127 *N.J.Super.* at 140, 316 *A.*2d 698. This is so even if the "parties in

---

[3] Rule 4:88–1 required the executor to "file an affidavit stating in detail the nature of the services rendered in administering the estate and specifying the amount of commissions requested." We assume the executor filed such an affidavit although one is not included in this record.

interest do not object or even consent to the amount requested by the fiduciary." *Moore, supra,* 50 *N.J.* at 149, 232 *A.*2d 641. The trial court may not simply deduct the cost of professional services performed by others and allow the balance as a corpus commission, as occurred in this case.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.